# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| SHERRY L. KEITH,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 1:10cv00003<br>) |
| COMMONWEALTH OF VIRGINIA<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br>    Defendants | ) **REPORT AND**<br>) **RECOMMENDATION**<br>) By Pamela Meade Sargent<br>) United States Magistrate Judge |

This matter is before the court on the defendants' motions to dismiss, (Docket Item Nos. 11 and 13), ("the Motions"). The Motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the orders of referral, the undersigned now submits the following report and recommendation.

## I. Facts

The plaintiff, Sherry L. Keith, a former Commonwealth of Virginia Department of Corrections, ("Department"), employee, has brought suit against the Department and Stan K. Young, the warden of Pocahontas State Correctional Center, claiming violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.*, ("ADA"). Young has filed a motion to dismiss Keith's Complaint against him in its entirety and with prejudice because he argues that, as an individual, he is not liable for violations of the ADA. The Department also has filed a motion to dismiss Keith's claims against it under the ADA for monetary damages. The Department argues that

-1-

such damages are barred by the Eleventh Amendment to the United States Constitution. Keith's counsel has conceded that he has no argument to offer in rebuttal to the motions. (Docket Item Nos. 22 and 23.)

*II. Analysis*

The defendants have made motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss made under Rule 12(b)(1) tests the subject-matter jurisdiction of a complaint. When addressing such a motion, the court must initially determine whether the motion is a facial or factual challenge, as there are two distinct ways to present a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), each of which trigger different standards of review. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, if the Rule 12(b)(1) motion is a facial challenge attacking subject-matter jurisdiction by asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based[,]" then "the facts alleged in the complaint are assumed to be true and the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219. Second, if the 12(b)(1) motion is a factual challenge, refuting the alleged jurisdictional basis of a complaint by asserting that, although facially adequate, the allegations are factually untrue, the district court may then consider extrinsic information beyond the complaint to determine whether subject-matter jurisdiction exists. *See Thigpen v. United States*, 800 F.2d 393, 402 n.15 (4th Cir. 1986) (citing *Adams*, 697 F.2d at 1219).

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should

accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See, e.g., De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

For quite some time, this court has cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that in order to grant a motion to dismiss, it must appear certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the Supreme Court recently revisited the proper standard of review for a motion to dismiss and stated that the "no set of facts" language from *Conley* has "earned its retirement" and "is best forgotten" because it is an "incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of [his] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63.

The Court further explained the *Twombly* standard in *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949-50 (2009).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . .
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Internal citations omitted.)

It is readily apparent that the 12(b)(1) motions made on behalf of Young and the Department are facial challenges to Keith's Complaint, as the defendants contend that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *See Adams*, 697 F.2d at 1219. As such, "the facts alleged in the complaint are assumed to be true and the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219.

I will first address the motion to dismiss filed on behalf of Young. Young argues that Keith's Complaint against him should be dismissed in its entirety with prejudice because, as an individual, he is not subject to liability under the ADA. In

*Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999), the Fourth Circuit held that the ADA did not provide a remedy against individuals who do not qualify as employers. In this case, Keith, in her complaint, alleges that the Department, not Young, was her employer. That being the case, I recommend that the court grant Young's motion to dismiss and dismiss Keith's claims against Young in their entirety with prejudice.

Next, I will address the Department's motion to dismiss. The Department argues that Keith's claim against it for monetary damages should be dismissed because it is barred by the Eleventh Amendment to the Constitution. In discussing the application of the Eleventh Amendment, the Supreme Court has stated that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Furthermore, this court has held that the Eleventh Amendment serves as a bar to claims for monetary damages against a state agency under the ADA. *See Holmes v. Virginia Community College System*, 2010 WL 420048, at *8 (W.D. Va. Feb. 1, 2010), adopted by 2010 WL 652981 (W.D. Va. Feb. 22, 2010). In this case, Keith admits that the Department is a state agency. That being the case, Keith's claims for monetary damages under the ADA against the Department are barred by the Eleventh Amendment.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The court should dismiss Keith's claims against Young in their entirety because the ADA does not provide for claims against an individual who does not qualify as an employer; and
2. The court should dismiss Keith's claim under the ADA for monetary damages against the Department because the claim is barred by the Eleventh Amendment.

## RECOMMENDED DISPOSITION

For the reasons detailed in this Report and Recommendation, I recommend that the court grant the Motions and dismiss the plaintiff's claims against Stan Young and dismiss the plaintiff's claim for money damages under the ADA against the Department.

## **NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C);

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.
>
> Failure to file written objection to these proposed findings and

recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel and unrepresented parties of record.

ENTER: June 22, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE