# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| SHERRY L. KEITH, | ) | |
|     Plaintiff | ) | Civil Action No.: 1:10cv00003 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND** |
| COMMONWEALTH | ) | **RECOMMENDATION** |
| OF VIRGINIA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
|     Defendant | ) | |

      This case is before the undersigned on Defendant Virginia Department Of Corrections' Motion To Dismiss For Failure To Prosecute, (Docket Item No. 30), ("the Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on the Motion on November 4, 2010. As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

## *I. Background*

      The plaintiff, Sherry L. Keith, filed this case, through counsel, on January 13, 2010, claiming that the defendant, Commonwealth of Virginia Department of Corrections, had violated her rights under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12111, *et seq.*, and the Civil Rights Act, 42 U.S.C.A. §§ 1981, *et seq*. A Scheduling Order was entered on May 21, 2010, scheduling this matter for jury trial beginning November 30, 2010. On September 17, 2010, the defendant moved to compel the plaintiff to provide discovery responses and initial disclosures. By Order

dated September 20, 2010, the court ordered the plaintiff to provide the requested discovery responses and initial disclosures by October 1, 2010. The defendant scheduled the deposition of the plaintiff to be held on October 12, 2010. The plaintiff failed to appear at the appointed time and place to give her deposition testimony. Plaintiff's counsel did appear and stated that he had given the plaintiff notice of the date and time of the deposition.

On September 28, 2010, plaintiff's counsel, Donald A. McGlothlin Jr., moved to withdraw from the case based on the plaintiff's failure to communicate with counsel as requested. A copy of this motion was provided by mail to the plaintiff. With no objection by the plaintiff, the court, by Order entered October 26, 2010, granted the motion to allow plaintiff's counsel to withdraw from the case.

On October 21, 2010, the defendant filed the Motion seeking dismissal of the plaintiff's claims against it for a failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defense counsel set the Motion for hearing at 11 a.m. on November 4, 2010. Counsel provided notice of the hearing to the pro se plaintiff by regular mail, certified mail and overnight delivery. The overnight mail delivery of the notice of hearing was received by the defendant on October 27, 2010. Defense counsel also had a notice of hearing personally served on the pro se plaintiff on November 2, 2010.

By letter received by the court on October 27, 2010, the plaintiff notified the court that she was no longer represented by McGlothlin. The letter stated, "I do still have an interest in this case." Nonetheless, the plaintiff did not appear for the November 4, 2010, hearing, nor did the plaintiff file any written opposition or objection to the Motion. Defense counsel appeared at the November 4 hearing and

represented to the court that he still had not received discovery responses or initial disclosures from the plaintiff.

*II. Analysis*

Pursuant to Federal Rule of Civil Procedure Rule 41(b), a district court may dismiss a claim for failure to prosecute. In deciding whether to grant a motion to dismiss for failure to prosecute, the court should consider: (1) the degree of plaintiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of resulting prejudice suffered by the defendant; and (4) the existence of less drastic sanctions. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (citations omitted). Based on the court's consideration of these elements in this case, I find that dismissal for failure to prosecute is proper.

The plaintiff's actions in this case show a complete unwillingness to cooperate with counsel to prepare this case for trial. The plaintiff has failed to provide written discovery responses, failed to provide initial disclosures and failed to appear to give her deposition testimony. The defendant cannot be expected to prepare the case for trial without any discovery from the plaintiff. The plaintiff was given notice that the defendant was moving to dismiss her claims for failure to prosecute and that this Motion would be heard by the court on November 4, 2010. The plaintiff, despite having notice personally served upon her, did not appear or oppose the Motion in any way. Based on these facts, the court finds that dismissal of the plaintiff's claims for failure to prosecute is appropriate.

**PROPOSED FINDINGS OF FACTS AND**

## CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. By Order dated September 20, 2010, the court ordered the plaintiff to provide discovery responses and initial disclosures to defense counsel by October 1, 2010;
2. To date, the plaintiff has not provided discovery responses or initial disclosures to defense counsel;
3. The plaintiff failed to appear to give her deposition testimony on October 12, 2010;
4. On September 28, 2010, plaintiff's counsel moved to withdraw from the case based on the plaintiff's failure to communicate with him;
5. With no objection from the plaintiff, the court granted counsel's motion to withdraw on October 26, 2010;
6. Notice of the November 4, 2010, hearing on the Motion was served on the plaintiff by certified mail, overnight delivery and personal service; and
7. The plaintiff did not appear to oppose the Motion.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the Motion and dismiss the plaintiff's claims with prejudice.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. §

636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 4th day of November 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE